UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 16-301-JLS (ASx)            Date: April 25, 2016
Title: Cherie Adams v. Axiom Bank et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Nancy Boehme | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                           Not Present

**PROCEEDINGS:**     (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 8)

      Before the Court is Plaintiff Cherie Adams' Motion to Remand. (Mot., Doc. 8.) Defendant Roundpoint Mortgage Servicing Corporation opposes the Motion. (Opp., Doc. 12.) The Court finds this matter appropriate for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the reasons stated below, the Court GRANTS Adams' Motion.

### I.    BACKGROUND[1]

      On or around June 18, 2007, Adams entered into written loan agreements with HMS Capital, Inc. (Complaint ¶ 7, Doc. 1-1.) Adams secured the loan against her home, a property located at 321 South Rosebay Street, Anaheim, CA 92804 (the "Property"). (*Id.* ¶¶ 1, 7.) At some time thereafter, the loan was transferred to Defendant Axiom

---

[1] Except where expressly stated, the facts in this section are taken from Adams' Complaint. (Complaint, Doc. 1-1.) Separately, Roundpoint requests that the Court take judicial notice of various documents. (Request for Judicial Notice, Doc. 13.) Several of these documents have been officially recorded with the County of Orange. (*See, e.g.*, *id.* at Exs. 2, 5, 8.) Because such documents are matters of public record, the Court GRANTS Roundpoint's request as to these documents. *See, e.g.*, *Marley v. JP Morgan Chase Bank*, No. CV-13-02320 DDP Ex, 2013 WL 4536650, at *2 (C.D. Cal. Aug. 27, 2013) (citing *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-301-JLS (ASx)                                                        Date: April 25, 2016
Title: Cherie Adams v. Axiom Bank et al.

Bank.  (*Id.* ¶ 7.)  At around the same time, the responsibilities for servicing the loan were transferred to Roundpoint.  (*Id.*)  The initial value of the loan was $480,000.  (Request for Judicial Notice, Ex. 2, "Deed of Trust," Doc. 13.)

Starting in 2013, Adams began to seek a loan modification from Axiom.  (Complaint ¶ 8.)  Although Axiom purportedly informed Adams that she was pre-approved for a modification, the Parties continued to negotiate the terms of a modification until at least March 2014.  (*Id.* ¶¶ 8-11.)  On March 18, 2014, Axiom caused a Notice of Default to be recorded against the Property.  (*Id.* ¶ 11.)  The Notice of Default stated that Adams was in arrears in the amount of $48,277.61.  (Request for Judicial Notice, Ex. 5, "Notice of Default," at 2, Doc. 13.)  On June 19, 2014, Roundpoint recorded a Notice of Trustee's Sale on the Property.  (Complaint ¶ 15.)  Despite Adams' inquiries into the validity of these Notices, on July 14, 2014, she received a letter from Axiom denying her loan modification.  (*Id.* ¶ 17.)  The following day Adams' home was sold and the purchaser initiated eviction proceedings.  (*Id.* ¶¶ 18-19.)

In response, Adams successfully sought rescission of the sale, and, as a result, the trustee's sale was rescinded.  (*Id.* ¶ 19.)  Subsequently, Adams again applied for a loan modification.  (*Id.* ¶ 20.)  According to the Complaint, Axiom and Roundpoint once more "strung out the modification process."  (*Id.* ¶ 23.)  On October 23, 2015, a second Notice of Trustee's Sale was recorded.  (Request for Judicial Notice, Ex. 8, "Notice of Sale," Doc. 13.)  This second Notice of Sale stated that the unpaid balance on the loan was $583,264.04.  (*Id.* at 2.)  The Notice also reflected that a foreclosure sale was scheduled for November 19, 2015.  (*Id.* at 1.)

On December 16, 2015, Adams filed the instant lawsuit against Axiom and Roundpoint in Orange County Superior Court.  (Complaint, Doc. 1-1.)  The Complaint states the following seven causes of action: (1) violation of the Homeowner's Bill of Rights § 2923.6(c), (2) violation of the Homeowner's Bill of Rights § 2923.7, (3) intentional misrepresentation, (4) negligent misrepresentation, (5) violation of California's Business and Professions Code § 17200, (6) elder financial abuse, and (7) promissory estoppel.  (*Id.* ¶¶ 27-69.)  The Complaint seeks the following relief: (1) exemplary and punitive damages, (2) actual economic and non-economic damages, (3) an accounting, (4) equitable relief, including rescission of the Notice of Default, (5) a declaration finding that the efforts to foreclose were wrongful, (6) interest, (7) costs and

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 16-301-JLS (ASx) | Date: April 25, 2016 |
| Title: Cherie Adams v. Axiom Bank et al. | |

expenses, and (8) any other relief deemed warranted by the Court. (*Id.* at 16-17.) Roundpoint removed the case to this Court on February 19, 2016 on diversity grounds. (Notice of Removal, Doc. 1.) Adams' Motion followed. (Mot., Doc. 8.)

## II.  **LEGAL STANDARD**

When reviewing a notice of removal, "[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (alterations in original) (internal quotation marks omitted) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

On a motion to remand, the Court "consider[s] facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotation marks and citations omitted). The Court weighs the defendant's evidence against any countervailing evidence showing that the amount in controversy falls below $75,000. *See Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997) (when applying the preponderance standard, a court considers "how convincing the evidence in favor of a fact [is] in comparison with the evidence against it before that fact may be found.").

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-301-JLS (ASx)                              Date: April 25, 2016
Title: Cherie Adams v. Axiom Bank et al.

### III.   DISCUSSION

Defendants removed the instant case on the basis of diversity jurisdiction under 28 U.S.C. § 1441(b).  (Notice of Removal at 1.)  The Parties agree that the only disputed issue is whether the case meets the $75,000 amount-in-controversy threshold.  (*Compare* Mot. at 5-7 (focusing entirely on amount-in-controversy requirement) *with* Opp. at 3-6 (limiting arguments to amount-in-controversy issue).)  Roundpoint contends the amount-in-controversy requirement is satisfied in two ways.  First, Roundpoint argues that the primary objective of Adams' lawsuit is to enjoin or otherwise delay foreclosure of the Property.  Therefore, according to Roundpoint, the correct measure of the amount-in-controversy is the underlying value of the loan or the delinquent amount owed – both of which exceed $75,000.  Second, Roundpoint asserts that Adams seeks to recover punitive damages – a fact that independently supports jurisdiction.  The Court considers each argument in turn.

### A.  Injunctive Relief

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object in the litigation."  *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1997).  Here, Adams seeks equitable relief, including an order for Defendants to "rescind all Notices of Default[.]"  (Complaint at 16.)  Separately, Adams also requests "a declaration of the rights and duties of the parties," specifically that Defendants' "efforts to foreclose on the . . . Property is wrongful."  (*Id.*)  Based on the specific relief requested, then, the Court finds that the amount-in-controversy may reasonably be measured by "the value of the object in the litigation."  *Hunt*, 432 U.S. at 347.

In analogous circumstances, courts in the Central District have found that "it is too simplistic to argue that the 'object of the litigation' is the value of the underlying loan."  *Olmos v. Residential Credit Sols., Inc.*, 92 F. Supp. 3d 954, 956 (C.D. Cal. 2015).  The Court agrees.  As a result, some of the evidence submitted by Roundpoint is immaterial.  For example, the Deed of Trust shows that, at the time of origination, the value of the mortgage loan was $480,000.  (Deed of Trust at 1.)  Similarly, the Notice of Sale shows

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-301-JLS (ASx)　　　　　　　　　　　　　　Date: April 25, 2016
Title: Cherie Adams v. Axiom Bank et al.

that, as of October 23, 2015, the remaining balance on the mortgage loan was $583,264.04.  (Notice of Sale at 2.)  Such evidence, however, which merely shows "the value of the underlying loan," is insufficient to satisfy the amount-in-controversy requirement.  *Olmos*, 92 F. Supp. 3d at 956.

　　　To its credit, Roundpoint also contends that "a judgment for [Adams] in this case could potentially . . . preclude collection of the arrears on the Loan."  (Opp. at 5.)  These amounts, according to Roundpoint, "well exceed the $75,000 amount."  (*Id.*)  In support, Roundpoint submits into evidence a Notice of Default.  (*See generally* Notice of Default.)  The Notice of Default shows that, as of March 17, 2014, Adams owed $48,277.61 in arrears.  (*Id.* at 2.)  According to Roundpoint, Adams' current arrears are "well in excess of the $48,277.61" because two years have passed since the Notice of Default issued.  (Opp. at 5.)  However, Roundpoint offers no evidence to show that the current amount of arrears exceeds $75,000.  Therefore, even assuming that the current amount of arrears is "the object in the litigation," Roundpoint fails to demonstrate by a preponderance of the evidence that this amount exceeds $75,000.

　　　Accordingly, the evidence submitted by Roundpoint – which establishes the outstanding value of the loan as of October 2015 and the amount of Adams' arrears as of May 2014 – is insufficient to establish the amount-in-controversy.  Therefore, the Court cannot exercise diversity jurisdiction on this basis.

　　**B. Punitive Damages**

　　　Roundpoint's second argument contends that Adams "seeks exemplary and punitive damages, actual economic and non-economic damages, and attorneys' fees and expert's fees[,]" which, if aggregated, exceed the $75,000 threshold.  (Opp. at 5.)  Separately, Roundpoint asserts that "[w]ith respect to punitive damages, even if actual damages are nominal, punitive damages of up to $125,000 could be awarded."  (*Id.* at 6 (citing *Arizona v. ASARCO LLC*, 733 F.3d 882 (9th Cir. 2013).)

　　　Neither of these arguments is persuasive.  As an initial matter, Roundpoint provides no evidence to show that the actual damages suffered or the recoverable fees incurred by Adams exceed $75,000.  Moreover, the Complaint does not request a specific amount of damages and Adams' sole assertion on the matter merely states that the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 16-301-JLS (ASx) | Date: April 25, 2016 |
| Title: Cherie Adams v. Axiom Bank et al. | |

amount exceeds $25,000. (Mot. at 7 ("The Complaint states that the amount in controversy is in excess of $25,000, but provides no other damages figure.").) Therefore, as to Adams' actual damages, at least, Roundpoint has failed to "provide evidence establishing that it is 'more likely than not' that the amount in controversy" exceeds $75,000. *See Sanchez*, 102 F.3d at 404.

Roundpoint's argument on punitive damages also fails. To be sure, punitive damages are properly included in calculating the amount-in-controversy. *See, e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). However, "[w]hether punitive damages are sufficient to meet the amount in controversy requirement is a two-part test." *Martinez v. Infinity Ins. Co.*, No. SACV081444 DOC Ex, 2009 WL 302189, at *1 (C.D. Cal. Feb. 4, 2009). *See also Trahan v. U.S. Bank Nat. Ass'n*, 379 Fed. App'x 628, 629 (9th Cir. 2010) (holding that a district court should consider punitive damages only after first determining the availability of such damages under state law). "First, punitive damages must be available as a matter of state law." *Martinez*, 2009 WL 302189 at *1. Second, the Court must determine whether the amount of punitive damages will likely exceed the $75,000 threshold. *Id.*

Assuming, without deciding, that punitive damages are available under the state and common law causes of action asserted, Roundpoint nevertheless fails to provide any evidence or authority to support its position that punitive damages are likely to exceed $75,000. The entirety of Roundpoint's argument relies on the Ninth Circuit's decision in *ASARCO*. (Mot. at 5-6.) However, *ASARCO* was an employment case, a fact pattern far afield from the housing dispute at issue in the instant case.[2] While it is true that "the

___

[2] The Court notes that Roundpoint may have inadvertently cited to the wrong *ASARCO* decision. In the decision cited to by Roundpoint, the Ninth Circuit rejected and reduced a jury verdict that found only nominal actual damages, but awarded $300,000 in punitive damages. *See ASARCO*, 773 F.3d 882, 889-91 (reducing award of punitive damages to $125,000). In the course of that decision, the Ninth Circuit referenced a Fifth Circuit case wherein the court affirmed an award of $125,000 in punitive damages despite a jury finding only nominal damages. *Id.* at 891. Subsequently, however, the Ninth Circuit, sitting *en banc*, reconsidered its original *ASARCO* decision. *See Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014). There, the Ninth Circuit affirmed, and thereby reinstated, the jury's initial $300,000 punitive damages award. *Id.* at 1060-61. In any event, the Court finds each of these cases to be

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 16-301-JLS (ASx)            Date: April 25, 2016
Title: Cherie Adams v. Axiom Bank et al.

Court may consider arguments set forth by defendant that punitive damages awards in other, similar, cases have been comparable to or higher than those claimed by defendant," such authority must, at a minimum, be factually analogous. *See Molnar v. 1-800-Flowers.com, Inc.*, No. CV 08-0542 CAS (JCx), 2009 WL 481618, at *6 (C.D. Cal. Feb. 23, 2009) (citation omitted). As other courts in the Central District have held, merely citing cases wherein punitive damages have been awarded without attempting "to analogize or explain how these cases are similar to the instant action" is inadequate. *Killion v. AutoZone Stores Inc.*, No. 5:10-cv-01978, 2011 WL 590292, at *2 (C.D. Cal. Feb. 8, 2011) (remanding case to state court where amount in controversy requirement was not met).

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Adams' Motion to Remand. The case (Case No. 30-2015-00825631-CU-FR-CJC) is REMANDED to Orange County Superior Court. All other scheduled dates are VACATED.

Initials of Preparer:   nkb

---

inapposite to the case at hand. Therefore, Roundpoint cannot satisfy its evidentiary burden by relying on this authority.